UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA FROWICK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA,<br><br>　　　　Defendant. | Case No. 4:18-cv-06661-KAW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Re: Dkt. No. 20 |

On March 14, 2019, Plaintiffs filed a motion to amend the scheduling order to extend the deadline to amend the complaint. (Pls.' Mot., Dkt. No. 20.) Specifically, they seek to extend the deadline an additional sixty days from March 15, 2019. *Id.* at 2.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiffs' motion to amend the scheduling order.

## I.　　RELEVANT BACKGROUND

Plaintiffs Maria and George Frowick were issued safe deposit box number F9416 at a Bank of America branch in Santa Rosa, California. (Compl., Dkt. No. 1 at 5 ¶¶ 9-10.) Plaintiffs placed their valuables in the box for safe keeping. (Compl. ¶ 12.)

On March 21, 2018, Plaintiffs returned from a three-month visit to Greece and went to their safe deposit box to store additional family heirlooms that they retrieved on their trip. (Compl. ¶ 18.) When they arrived at the Bank, however, they learned that the Bank had drilled the keyhole of the safe deposit box, opened it, and handed its contents over to a third party. (Compl. ¶ 19.)

On June 4, 2018, Plaintiffs reportedly received a copy of the supplemental police report. *Id.* at 3. The Santa Rosa Police Department redacted the name of the person to whom the Bank

provided Plaintiffs' property. *Id.* In the report, however, that person reportedly acknowledged that she left the bank with items she believed did not belong to her and that she noticed items with the Plaintiffs' name on them, but that the Bank refused to take back the items. *Id.*

On June 7, 2018, Plaintiffs sent a formal letter in accordance with California Civil Code § 1838, requesting that the Bank identify the person to whom it provided the heirlooms, and the circumstances surrounding the loss. (Compl. ¶ 21; Decl. of Jason W. Schaff, "Schaff Decl.," Dkt. No. 20-1 ¶ 3, Ex. 1.) Defendant did not respond. (Compl. ¶ 21.)

On July 23, 2010, Plaintiffs filed the instant lawsuit in Sonoma County Superior Court. Thereafter, on August 30, 2018, Defendant disclosed the name of the woman to whom it provided the property as Traci Cosenza. (Pl.'s Mot. at 3.) Upon learning this information, Plaintiffs hired a private investigator to locate Ms. Cosenza, so that they could determine whether she should be named as a defendant. *Id.*

On September 17, 2018, the Bank responded to Plaintiffs' written discovery in the state court action. As for identifying the witnesses with knowledge of the drilling, the Bank identified Ms. Cosenza, the Plaintiffs, the police, and "other Bank of America Employees." (Pl.'s Mot. at 4; Schaff Decl., Ex. 2.) The Bank did not identify the third-party vendor that conducted the drilling. (Pl.'s Mot. at 4.)

As for Ms. Cosenza's contact information, the Bank claimed that her "telephone number [was] presently unknown," and it provided an address for a medical office out of which her ex-husband practices medicine in Ukiah, California. (Pl.'s Mot. at 4.) In its document production, the Bank provided an email communication from Ms. Cosenza which occurred after the drilling, but from which the Bank appears to have redacted Ms. Cosenza's email address and contact information. (*Id.*; Schaff Decl., Ex. 3.)

On October 9, 2018, Plaintiffs' private investigator furnished a report to Plaintiffs' counsel, who attempted to contact Ms. Cosenza through the phone numbers provided, but none of the phone numbers were in service. (Pl.'s Mot. at 4.) Additionally, the most recent addresses identified for Ms. Cosenza was the same address for the medical office in Ukiah. *Id.*

On November 1, 2018, the Bank removed the case to federal court. On January 15, 2019,

2

during meet and confer conversations regarding an ADR stipulation, Plaintiffs' counsel pointed out that they were uncomfortable agreeing to an early ADR process, because the Bank continued to withhold critical information, including Ms. Consenza's contact information—which was redacted from the email Defendant provided—and the identity of the third-party vendor that conducted the drilling. (Pl.'s Mot. at 5; Schaff Decl., Ex .4.) On January 15, 2019, Defendant responded that it "did not redact Ms. Cosenza's email address and/or phone number." (1/15/19 Email, Schaff Decl., Ex. 5.)[1] Defendant also declined to provide the identity of the third-party vendor that drilled the box, and instead stated that "we are not sure how the names of the third party vendor has any bearing on liability or damages." (1/15/19 Email at 1.)

Defendant's initial disclosures identified Ms. Cosenza, but did not include an address or phone number, nor did it identify the vendor who drilled the lock. (Schaff Decl., Ex. 6.)

On February 14, 2019, the undersigned issued the Case Management and Pretrial Order for Jury Trial, which set March 15, 2019 as the last day to amend the pleadings. The following day, Plaintiffs served discovery on Bank of America, specifically requesting the information being withheld. (Pl.'s Mot. at 5.) Defendant's responses, however, were not due until March 20, 2019. (Pl.'s Mot. at 5.)

Plaintiffs attempted to meet and confer with Defendant to informally obtain the information prior to the March 15 deadline. (*See* Email chain, Schaff Decl., Ex. 7.) On March 1, 2019, Defendant responded to the request by stating that "you have had the name of Ms. Cosenza since late August, and we are not aware of any requirement to have anything more than a name to seek permission to amend (if that's your intention)." *Id.* at 4. On March 4, 2019, Defendant informed Plaintiff that "Diebold" was the vendor that drilled the box. *Id.* at 1. On March 8, 2019, the parties met and conferred telephonically, and Defendant refused to stipulate to an extension of the deadline to amend the pleadings. (Schaff Decl. ¶ 10.)

On March 14, 2019, Plaintiff filed the instant motion to amend the scheduling order. (Pls.' Mot., Dkt. No. 20.) On March 28, 2019, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No.

---

[1] The Court notes that the email that the Bank produced appears to show otherwise, given that the sender, recipient, date, and subject lines are all redacted. (Schaff Decl., Ex. 3.)

3

21.) On April 4, 2019, Plaintiffs filed a reply. (Pls.' Reply, Dkt. No. 22.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that, after the deadline has passed, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a), the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted).

## III.  DISCUSSION

Plaintiffs filed the motion to amend the scheduling order on March 14, 2019; one day before the deadline. Plaintiffs contend that they need a 60-day extension to provide for further investigation of Ms. Cosenza and Diebold Nixdorf Incorporated, because their preference would be to avoid naming unnecessary or nonculpable parties. (Pls.' Mot. at 8.)

Plaintiffs contend that they were "diligent in their pursuit of the information required to determine whether to add Ms. Cosenza and Diebold as defendants." (Pls.' Mot. at 7.) Plaintiffs hired a private investigator, who was reportedly unable to locate Ms. Cosenza. *Id.* Plaintiffs have also requested information from the Bank over the past year, both formally and informally, only to have information withheld. *Id.*

In opposition, Defendant argues that Plaintiffs were not diligent, because they were aware of the facts and the need for investigation prior to the case management conference where the amended pleadings deadline was set. (Def.'s Opp'n at 3-4.) In their reply, Plaintiffs explained that they expected Defendant to disclose Ms. Cosenza's contact information in its initial disclosures[2] as an eyewitness, and the vendor who drilled the box as a witness in support of its mistake of fact

---

[2] The Court is concerned that Defendant may have unnecessarily withheld the identities of Ms. Consenza and Diebold Nixdorf, which would have, at the very least, obviated the need for this motion, and may have resulted in the case remaining in state court. If Ms. Consenza is a California resident and Plaintiffs decide to name her as a defendant, the parties should consider stipulating to remand, as to avoid unnecessary motion practice and further delay.

4

1 defense. (Pl.'s Reply at 2.) The Court finds this explanation reasonable.

2 Additionally, Defendant argues that Plaintiffs' motion did not explain the importance of naming these two defendants. *Id.* at 5. The Court disagrees. In their motion, Plaintiffs explained that Diebold Nixdorf was the third-party vendor that drilled Plaintiffs' safe deposit box, and that Ms. Cosenza was the woman to whom the contents of the box were provided. (Pl.'s Mot. at 2.) From this explanation, it is obvious why they might be named as defendants in this action.

Defendant claims that extending the deadline will be prejudicial. (Def.'s Opp'n at 8.) Defendant believes that if Plaintiffs are going to seek leave to amend, then they should do so promptly. *Id.* Defendants cites to discovery cut-offs in Fall 2019 as reason to not delay finalizing the parties and the claims at issue. *Id.* Defendant's point is well taken. Defendant is also correct that Plaintiffs possess enough information to name Ms. Consenza and Diebold Nixdorf as parties without further investigation. The Court also understands why Plaintiffs seek additional time to investigate Ms. Consenza and Diebold prior to amendment, namely that they are more likely to cooperate if they are not named defendants. Even so, the Court finds that providing Plaintiffs a short extension of the deadline to amend the pleadings will not prejudice Defendant.

Accordingly, the Court finds that Plaintiffs were diligent in both their investigation and in seeking relief from the scheduling order's deadline to file an amended complaint.

## IV. CONCLUSION

In light of the foregoing, Plaintiffs' motion to amend the scheduling order is GRANTED, and the amended pleadings deadline is extended to April 30, 2019.

Additionally, the case management conference set for April 23, 2019 is continued to June 4, 2019. The joint case management statement is due on or before May 28, 2019.

IT IS SO ORDERED.

Dated: April 5, 2019

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge